UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CURTIS L. ELGIN, ) | C/A No.: 4:24-cv-1319-JD-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| ) | |
| WARDEN, KERSHAW CORRECTIONAL ) | |
| INSTITUTION, ) | |
| Respondent. ) | |
| ) | |

Petitioner, Cutis Elgin (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on March 19, 2024. (ECF No. 1). On August 5, 2024, Respondent filed a motion for summary judgment along with a return and memorandum. (ECF Nos. 22 and 23). The undersigned issued an order filed August 6, 2024, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (ECF No. 24). Petitioner failed to file a response.

---

[2]This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment or the court's orders requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, the Motion for Summary Judgment will be addressed below.

# PROCEDURAL HISTORY

The undisputed procedural history will be set out below, in part, as set forth by the Respondent.

Petitioner is presently confined in the Kershaw Correctional Institution of the South Carolina Department of Corrections pursuant to Orders of Commitment of the Clerk of Court for Fairfield County. In July 2005, Petitioner was indicted by the Fairfield County Grand Jury for murder. Petitioner was represented by Gwendlyne Young Smalls, Esquire. Petitioner proceeded to trial before the Honorable Brooks P. Goldsmith and a jury on January 6-9, 2009. (ECF No. 22-1 to 22-2 at 204). The jury found Petitioner guilty as charged and Petitioner was sentenced to a period of incarceration for fifty years. (ECF No. 22-2 at 204).

Petitioner filed a motion for a new trial and a hearing was held on the motion before Judge Goldsmith on September 25, 2009. Judge Goldsmith denied the motion and Petitioner filed an appeal.

**Direct Appeal**

Petitioner filed a timely notice of appeal and a direct appeal was perfected by Appellate Defender Elizabeth Franklin-Best. (Id. at 22-5). The issue raised on direct appeal was:

> Did the trial court judge err in not granting appellant a new trial when it was discovered that one of the jurors had been discussing the case nightly with her mother throughout the trial, and the information her mother was giving her about the case tended to support the guilt of appellant in a case that relied soley on the testimonies of jailhouse "informants?"

(ECF No. 22-5).

The South Carolina Court of Appeals heard oral arguments on April 12, 2011. On February 15, 2012, it issued an opinion affirming the denial of relief. State v. Elgin, 726 S.E.2d 231 (Ct. App. 2012). (ECF No. 22-7). Petitioner did not file a petition for rehearing and did not attempt to seek review by the Supreme Court of South Carolina by way of a petition for writ of certiorari. The Court of Appeals issued the remittitur on June 1, 2012. (ECF No. 22-8).

**PCR**

Petitioner filed an application for Post-Conviction Relief (PCR) on May 31, 2012. (ECF No. 22-2 at 218 and 365). Within this application the Petitioner raised the following allegations:

1. Ineffective Assistance of Trial Counsel;

> a. Counsel failed to object to hearsay at trial:
> b. Counsel failed to properly argue that the Applicant's fingerprints did not match those at the scene.

( Id.).

Petitioner, through counsel, filed an amended application on January 22, 2019, raising the following issues:

1. The witness against him at trial have recanted their testimonies. His conviction and sentence is the denial of his right to due process.

2. Violation of the Sixth Amendment; Miranda v. United States, 377 U.S. 201 (1964).

3. Raymond Barnes. . . was receiving some benefits while he was in prison or while he was in the detention center that was not disclosed to trial counsel.

(ECF No. 22-2 at 230 and 365).

On January 24, 2019, Petitioner appeared with appointed counsel Charles Grose and Elizabeth Franklin-Best for an evidentiary hearing. (ECF No. 22-2 at 234). Petitioner presented testimony from a private investigator, Pete Skidmore, Jr., and the Honorable Gwendlyne Y. Jones, Petitioner's counsel at trial. Respondent presented testimony from Investigators Keith Lewis and Frazier Craig from the Fairfield County Sheriff's Department. Judge Burch indicated he would take the matter under advisement, and the parties requested the opportunity to submit post-trial briefs. Judge

5

Burch issued an order dated November 4, 2021, and filed November 29, 2021, denying the PCR application. (ECF No. 22-2 at 356).

## PCR APPEAL

Petitioner's PCR counsel filed an petition for writ of certiorari through Appellate Defender Sarah E. Shipe of the South Carolina Commission on Indigent Defense. The following issue was raised on PCR appeal:

> Did the PCR court err denying petitioner relief from his 2009 murder conviction based on after discovered evidence where the state's key witness Raymond Barnes told an investigator in 2015, several times, that he did not believe petitioner committed the murder and where there was no physical evidence tying petitioner to the murder at trial.

(ECF No. 22-9).

The Supreme Court transferred this case to the Court of Appeals pursuant to the South Carolina Rules of the Appellant Court. (ECF No. 22-11). On February 2, 2024, the Court of Appeals denied the petition for writ of certiorari. (ECF No. 22-12). The remittitur was issued on February 23, 2024, (ECF No. 22-13) and received by the Fairfield County Clerk of Court on February 23, 2024.

Petitioner filed this petition for writ of habeas corpus on March 19, 2024.

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition, quoted verbatim:

| | |
|---|---|
| **GROUND ONE**: | No physical evidence/hearsay; by jailhouse snitches |
| SUPPORTING GROUNDS: | No fingerprints, no hair fiber, no physical evidence at all placing me at the scene. None of the snitches place me at the crime scene. |
| **GROUND TWO:** | Juror talk to her mom every night during trial. |
| SUPPORTING GROUNDS: | The Judge Goldsmith plainly and simple explain to all jurors, do not talk about this case to No Body! And she did, that cause for a new trial. |
| **GROUND THREE:** | Jailhouse " Snitches" - hearsay |
| SUPPORTING GROUNDS: | Not one of the 4 jailhouse snitches could place me at the crime scene and I was convicted on these snithes saying nothing but what the investigators told them about the case. |
| **GROUND FOUR:** | Judge Goldsmith practical told the jury to find me guilty during his "talk" to the jurors. |
| SUPPORTING GROUNDS: | He explained if one Guilty verdict I would be acquitted, you all have to say Guilty in order find the defendant Guilty. |

(ECF No. 1)(errors in original).

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio

Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively

unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## **PROCEDURAL BAR**

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10–11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. at 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S. 478, 496 (1986).

Even if a Petitioner cannot demonstrate cause and prejudice for failure to raise a claim, he can still overcome procedural default by showing a miscarriage of justice. In order to demonstrate a miscarriage of justice, a petitioner must show he is actually

innocent.  See Carrier. 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent").  Actual innocence is defined as factual innocence, not legal innocence. Bousley v. United States, 523 U.S. 614, 623 (1998).  To meet this actual innocence standard, the petitioner's case must be truly extraordinary. Carrier, 477 U.S. at 496.

## ANALYSIS

Respondent argues that Petitioner's Grounds One, Three and Four are procedurally defaulted as Petitioner did not raise Grounds One, Three or Four in his direct appeal.

To exhaust his available state court remedies, a petitioner must "fairly present to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700,

714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991).

Grounds One, Three and Four raised in this habeas petition were not presented to the South Carolina Supreme Court. South Carolina state courts would find this type claim procedurally defaulted if Petitioner attempted to raise it them now. Thus, Petitioner's claims are procedurally barred from federal habeas review absent a showing of cause and actual prejudice, or by showing actual innocense. Wainwright v. Sykes, 433 U.S. 72, 87, 90-91 (1977). Petitioner has not shown cause or prejudice.

**GROUND TWO**

In Ground Two, Petitioner asserts juror misconduct regarding a juror discussing the case with her mother during the trial. As a result, Petitioner argues, he is entitled to a new trial.[2] The claim was raised to the trial court and in Petitioner's direct appeal.

---

[2] The Sixth Amendment guarantees that criminal defendants shall enjoy the right to a trial by an impartial jury. U.S. Const. Amend. VI. As the Fourth Circuit has explained:

> An impartial jury is one that arrives at its verdict based upon the evidence developed at trial and without external influences.
>
> ...
>
> It is clearly established under Supreme Court precedent that an external influence affecting a jury's deliberations violates a criminal defendant's right to an impartial jury. Especially troubling are private communications between a juror and a third party.
>
> ...

The South Carolina Court of Appeals concluded that Petitioner failed to demonstrate any viable basis for relief. In reaching that conclusion, the State Court of Appeals found the following with relation to this issue:

> We conclude the juror's discussion with her mother cannot reasonably be found to have prejudiced Elgin. First, the juror testified under oath she did not tell other members of the jury that she discussed the case with her mother. Second, the evidence, although largely circumstantial, indicated Elgin had reason to be near victim's home and knew where the victim lived. Elgin had knowledge of, and access to, the gun used to murder the victim by virtue of his employment at Carolina Furniture. Moreover, Elgin gave incriminating statements to his cell mates that contained details that the cellmates would not otherwise know. Third, the circuit court instructed the jury to determine Elgin's guilt or innocence based on the evidence presented at trial. Furthermore, the juror's decision that Elgin was guilty indicates her mother's statement did not influence her verdict. *See State v. Kelly,* 331 S.C. 132, 142–43, 502 S.E.2d 99, 104–05 (1998) (finding juror's misconduct in sharing pro-death penalty pamphlet with other jurors during penalty phase of capital murder trial did not violate defendant's rights to fair trial). We find consideration of

---

In light of these significant constitutional concerns, the Supreme Court in [Remmer v. United States, 347 U.S. 227 (1954)] created a rebuttable presumption of prejudice applying to communications or contact between a third party and a juror concerning the matter pending before the jury.

Johnson v. Warden, Broad River Corr. Inst., No. CV 0:22-3210-CMC-PJG, 2023 WL 4349151, at *10–11 (D.S.C. May 4, 2023), report and recommendation adopted, No. CV 0:22-3210-CMC, 2023 WL 4196935 (D.S.C. June 27, 2023), appeal dismissed, No. 23-6753, 2024 WL 1405886 (4th Cir. Apr. 2, 2024)

> these three factors demonstrates Elgin was not prejudiced in this instance.
>
> Furthermore, the juror's testimony before the circuit court reiterates Elgin was not harmed by the juror's discussion with her mother as *the juror told the circuit court twice that her mother told her Elgin was not guilty of the murder. See State v. Zeigler,* 364 S.C. 94, 108, 610 S.E.2d 859, 866 (Ct.App.2005) ("The general test for evaluating alleged juror misconduct is whether there in fact was misconduct and, if so, whether any harm resulted to the defendant as a consequence."). Although the juror admitted in her affidavit that her conversations with her mother influenced her decision, we cannot find prejudice where none exists. Because the circuit court separately interviewed this juror under oath and was satisfied she had reached a fair and impartial verdict, we defer to the circuit court's decision to deny the new trial. …

(ECF No. 22-7 at 8-9).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to trial by an impartial jury. See U.S. Const. amend VI; Barnes v. Joyner, 751 F.3d 229, 240 (4th Cir. 2014). ("An impartial jury is one that arrives at its verdict based upon the evidence developed at trial and without external influences."); Irvin v. Dowd, 366 U.S. 717, 722 (1961). The Fourth Circuit held that " this right applies equally to sentencing proceedings that are tried to a jury." Barnes v. Joyner, 751 F.3d 229, 240 (4th Cir.2014).[3] In this case, neither the State nor

---

[3] In Remmer v. United States, 347 U.S. 227, 247-49, 74 S. Ct. 450, 451, 98 L. Ed. 654 (1954), the United States Supreme Court held that when allegations of juror impartiality come to light, the trial court should "determine the circumstances, the impact thereof upon the juror, and

Petitioner contested that the juror's action constituted juror misconduct and the trial court found the juror engaged in misconduct by speaking to her mother during the course of the trial. Therefore, the trial court held a hearing and questioned the juror under oath. (ECF No. 22-2 at 205-216). However, while the trial court found that the juror's conduct was improper, the court found it was not prejudicial but was "conceivably favorable to him." (ECF No. 22-7 at 6). The trial court questioned the juror under oath and found no prejudice from the juror speaking with her mother. The court found that the juror testified that she did not tell other members of the jury that she discussed the case with her mother, and the juror's decision that Petitioner was guilty indicated that her mother's statements that Petitioner was not guilty and was being framed for the victim's murder did not influence her verdict. The trial court was in the best position to assess the juror's credibility and its refusal to grant a mistrial is deserving of this court's deference. See State v. Bantan, 387 S.C. 412, 417, 692 S.E.2d 201, 203 (Ct. App. 2010) ("The decision to grant or deny a mistrial is within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of

---

whether or not it was prejudicial, in a hearing with all interested parties permitted to participate." ("Remmer hearing") Id. at 230. Remmer also created a rebuttable presumption of prejudice applied to communications or contact between a third party and a juror concerning the matter pending before the jury. Id. at 229. In Barnes, the Fourth Circuit held that under clearly established federal law, a presumption of prejudice must be applied, and a hearing must be held when a defendant presents a genuine allegation of communication or contact between a third party and a juror concerning the matter pending before the jury. Barnes v. Joyner, 751 F.3d 229, 246 (4th Cir. 2014).

discretion amounting to an error of law."); State v. Pittman, 373 S.C. 527, 556, 647 S.E.2d 144, 159 (2007) (stating a trial court's factual findings regarding juror misconduct will not be disturbed absent an abuse of discretion). A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, 220 F.3d 306 (4th Cir. 2000). A review of the record does not reveal that the trial court's decision in finding that Petitioner was not prejudiced by the misconduct and not granting a mistrial, or the South Carolina Court of Appeal's decision affirming the trial court, were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Accordingly, it is recommended that this ground be dismissed and Respondent's motion for summary judgment granted.

## **CONCLUSION**

For the reasons set forth above, it is RECOMMENDED that this action be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice and Respondent's motion for summary judgment be rendered moot. In the alternative, it is recommended that Respondent's motion for summary judgment (ECF No. 23) be

GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | s/Thomas E. Rogers, III |
| September 12, 2024 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

The parties' attention is directed to the important notice on the next page.