IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Curtis L. Elgin, | ) | Case No.: 4:24-cv-1319-JD-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **SUMMARY DISMISSAL** |
| Warden, Kershaw Correctional | ) | **ORDER** |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 27), made under Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning Respondent Warden, Kershaw Correctional Institution's motion for summary judgment (DE 23) seeking to dismiss Petitioner Curtis L. Elgin's ("Petitioner" or "Elgin") Section 2254 petition for habeas corpus.[1]

**A. Background**

Petitioner, proceeding *pro se*, filed this petition for writ of habeas corpus on March 19, 2024. The Magistrate Judge issued an order on August 6, 2024, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

to respond adequately. (DE 24.) The time for Petitioner to file a response to the August 6, 2024, order has expired, and Petitioner has not filed a response.

### B. Report and Recommendation

The Magistrate Judge reviewed Petitioner's *pro se* complaint under the procedural provisions of 28 U.S.C. § 1915. On September 12, 2024, the Magistrate Judge issued the Report based on his initial review of the pleadings. The Report recommends,

> [Petitioner's] case be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. R. 41(b) with prejudice and Respondent's motion for summary judgment be rendered moot. In the alternative, it is recommended that Respondent's motion for summary judgment (ECF No. 23) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

(DE 27 at 18-19.) Petitioner did not object to the Report.

### C. Discussion

It is well established that a district court has the authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this Court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630. As Petitioner has failed to prosecute this case and has failed to comply with an order of this Court, the Court adopts the Report (DE 27) and

2

incorporates it here by reference, and the case is dismissed with prejudice under Rule 41 of the Federal Rules of Civil Procedure.

Further, it is ORDERED that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

*Joseph Dawson, III*
Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 6, 2024

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.